```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GROVER WILLIAMS,                 )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    Civil Action No. 04-24
                                 )    Judge Conti
DON HAWK, C.C.C. Director,       )    Magistrate Judge Hay
Gateway/Braddock,                )
JIM BRENHOLTS, Work Release      )
Counselor Gateway/Braddock,      )
DENNIS RHODES, Director, PA      )
D.O.C. Region 3 Contract         )
Facility, WILLIAM MORSE, PA      )
D.O.C. Contract Facility         )
Coordinator,                     )
                                 )
          Defendants.            )
```

## REPORT AND RECOMMENDATION

I.   Recommendation

It is respectfully recommended that the amended complaint (Docket No. 22) in the above-captioned case be dismissed for failure to prosecute.

II.  Report

The plaintiff, Grover Williams, has presented a civil rights complaint against Don Hawk, Community Correction Center Director, and Jim Brenholtz, Work Release Counselor, on a claim of deliberate indifference to Williams's medical condition.[1]

---

[1] On September 30, 2005, an Order was entered granting the motion for judgment on the pleadings filed by Defendants Rhodes and Morse, leaving only Defendants Hawk and Brenholtz in this action.

Specifically, he complains that the defendants interfered with his efforts to have his bandages on a wound changed.

On September 8, 2006, this Court issued an order setting a status conference in the case for September 27, 2006. Plaintiff failed to appear for the conference and did not otherwise contact the Court to explain his absence.  The Court then issued an Order for Plaintiff to show cause for his failure to abide by the Court's orders.  Plaintiff's response to the Order was due on October 10, 2006; no response has been filed.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court.  <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

  (1) The extent of the party's personal responsibility.

  (2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

  (3) A history of dilatoriness.

  (4) Whether the conduct of the party or the attorney was willful or in bad faith.

  (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

2

(6) The meritoriousness of the claim or defense. Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's Orders. Plaintiff's obligation to respond to orders of court is not only solely his personal responsibility but his failure to do so on two occasions appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's Orders -- there appears to be no specific prejudice to defendants other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendants may have meritorious defenses. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff initially sought in forma pauperis yet submitted the filing fee before the Court could rule on his motion, it appears that monetary sanctions may not be appropriate. It appears that by his absence and failure to respond to the Court, the plaintiff has demonstrated that he has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other

sanctions will serve justice.  Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

    Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

    Respectfully submitted,

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated:   11 October, 2006

Hon. Joy Flowers Conti
United States District Judge

Grover Williams
7533 Bennett Street
Pittsburgh, PA 15208

James W. Harvey, Esq.
Rosslyn Commons
333 Baldwin Road
Fifth Floor
Pittsburgh, PA 15205